1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  CHARLES JONES, JR.,

11          Plaintiff,                    No.  2:11-cv-3000 KJN P

12      vs.

13  TIM VIRGA, et al.,

14          Defendants.              ORDER

15  _____/

16          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17  pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18  28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19  and Local Rule 302.

20          Plaintiff has submitted a declaration that makes the showing required by

21  28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24  fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25  will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust

26  account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make

1  monthly payments of twenty percent of the preceding month's income credited to plaintiff's

2  prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of

3  the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid

4  in full.  28 U.S.C. § 1915(b)(2).

5        The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1),(2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

22  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

25  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

26  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

1  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

2  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

4  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6  as true the allegations of the complaint in question,  id., and construe the pleading in the light

7  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

8  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

9           Plaintiff, a black inmate, alleges that despite a history of racial violence at

10  California State Prison - Sacramento (CSP-SAC), defendants Yang, Him, and Brown took

11  actions, or failed to take actions, resulting in plaintiff being attacked by two unescorted Northern

12  Hispanic inmates while plaintiff was in the shower.  These inmates used a knife and razor to

13  slash and stab plaintiff, resulting in multiple stab wounds and several slashes on plaintiff's body.

14           The court has reviewed plaintiff's complaint and, for the limited purposes of

15  § 1915A screening, finds that it states a potentially cognizable claim against defendants Yang,

16  Him, and Brown, based on plaintiff's allegations that these defendants failed to protect plaintiff

17  from harm in violation of the Eighth Amendment.  See 28 U.S.C. § 1915A.

18           For the reasons stated below, the court finds that the complaint does not state a

19  cognizable claim against defendant Virga, and does not state cognizable claims under the

20  Fourteenth Amendment, or a viable state law claim under the California Penal Code.  These

21  claims are dismissed with leave to amend.

22           First, plaintiff names defendant Virga solely in his role as warden of CSP-SAC.

23           The Civil Rights Act under which this action was filed provides as follows:

24           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
25           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
26           law, suit in equity, or other proper proceeding for redress.

1   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

2   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

3   Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

4   § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

5   (no affirmative link between the incidents of police misconduct and the adoption of any plan or

6   policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

7   another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

8   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

9   legally required to do that causes the deprivation of which complaint is made."  Johnson v.

10   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11   Moreover, supervisory personnel are generally not liable under § 1983 for the

12   actions of their employees under a theory of respondeat superior and, therefore, when a named

13   defendant holds a supervisorial position, the causal link between him and the claimed

14   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

15   (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

16   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

17   there is no evidence of personal participation).  Vague and conclusory allegations concerning the

18   involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

19   of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

20   personal participation is insufficient).

21   Because the complaint contains no factual allegations connecting defendant Virga

22   to the December 1, 2010 assault, plaintiff's claims against defendant Virga are dismissed.

23   Plaintiff may delay service of process and attempt to raise cognizable claims against defendant

24   Virga by filing an amended complaint.

25   Second, plaintiff fails to state a claim under the Fourteenth Amendment.  "[The

26   treatment a prisoner receives and the conditions under which he is confined are subject to

1   scrutiny under the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 31 (1993).  The

2   Eighth Amendment "requires that inmates be furnished with the basic human needs, one of

3   which is 'reasonable safety.'"  Id. at 33 (quoting Deshaney v. Winnebago County Dep't of Soc.

4   Servs., 489 U.S. 189, 200 (1989)).  Claims that defendants failed to protect plaintiff from a

5   substantial risk of serious harm at the hands of other inmates are properly analyzed under the

6   Eighth Amendment because plaintiff is a state inmate incarcerated pursuant to a valid conviction.

7   See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Helling, 509 U.S. at 35).

8          Here, plaintiff attempts to raise a claim under the Fourteenth Amendment for the

9   same conduct he claims violates the Eighth Amendment.  Because the Eighth Amendment

10  provides an explicit source of protection for the type of conduct alleged by plaintiff, his claim is

11  properly stated under the Eighth Amendment, rather than the Fourteenth Amendment.  Thus,

12  plaintiff's allegations fail to state a claim under the Fourteenth Amendment as the claims are

13  properly analyzed under the Eighth Amendment.

14          Third, plaintiff's claim under the equal protection clause fails as well.

15          The Equal Protection Clause "is essentially a direction that all persons similarly

16  situated be treated alike."  City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439

17  (1985).  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause

18  of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or

19  purpose to discriminate against the plaintiff based upon membership in a protected class."  Lee v.

20  City of Los Angeles, 250 F.3d 668, 686-87 (9th Cir. 2001) (quoting Barren v. Harrington, 152

21  F.3d 1193, 1194 (9th Cir. 1998)).

22          Here, plaintiff does not allege facts susceptible of an inference that defendants

23  have discriminated against him on the basis of race, religion, or any other suspect classification.

24  Rather, plaintiff merely alleges that he was denied equal protection "when defendants allowed

25  plaintiff to be assaulted."  (Dkt. No. 1 at 11.)  As noted above, plaintiff's failure to protect claims

26  are properly analyzed under the Eighth Amendment.  Thus, plaintiff fails to state an equal

1   protection claim under the Fourteenth Amendment.

2          Fourth, plaintiff claims his rights were violated by an alleged violation of

3   mandatory duties set forth in California Penal Code § 673.

4          Section 673 provides:

5          It shall be unlawful to use in the reformatories, institutions, jails,
           state hospitals or any other state, county, or city institution any
6          cruel, corporal or unusual punishment or to inflict any treatment or
           allow any lack of care whatever which would injure or impair the
7          health of the prisoner, inmate, or person confined; and punishment
           by the use of the strait jacket, gag, thumbscrew, shower bath or the
8          tricing up of a prisoner, inmate or person confined is hereby
           prohibited. Any person who violates the provisions of this section
9          or who aids, abets, or attempts in any way to contribute to the
           violation of this section shall be guilty of a misdemeanor.

10

11   Cal. Penal Code § 673.

12          A private right of action under a criminal statute has rarely been implied.

13   Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979).  Where a private right of action has been

14   implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort

15   lay in favor of someone.'"  Id., at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).  California

16   Penal Code § 673 includes no provision for civil enforcement of any kind that is available to

17   plaintiff.  Cort, 422 U.S. at 79-80; see also Gonzaga University v. Doe, 536 U.S. 273, 283-86

18   (2002) (basing a claim on an implied private right of action requires a showing that the statute

19   both contains explicit rights-creating terms and manifests an intent to create a private remedy);

20   Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for

21   violation of criminal statutes).

22          Accordingly, plaintiff fails to state a claim upon which relief may be granted

23   under state law based on the alleged violation of the California Penal Code.

24          Finally, plaintiff named as defendants "John Does 1-10."  Plaintiff is informed

25   that the court is unable to order service of process without the names of specific defendants.  "As

26   a general rule, the use of "John Doe" to identify a defendant is not favored."  Gillespie v.

1   Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  However, the Ninth Circuit has held that where

2   identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity

3   through discovery to identify the unknown defendants, unless it is clear that discovery would not

4   uncover the identities or that the complaint would be dismissed on other grounds.  Wakefield v.

5   Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642).  Here,

6   plaintiff alleged sufficient facts to enable plaintiff to seek the identity of "John Does" through

7   discovery.  Once plaintiff obtains the identity of defendants "John Does," plaintiff should

8   immediately seek to substitute the named defendant for each "John Doe," so that the court can

9   timely order service of process.

10          Plaintiff may proceed forthwith to serve defendants Him, Yang and Brown, and

11  pursue his claims against only those defendants.  If plaintiff elects to attempt to amend his

12  complaint to state a cognizable claim against defendant Virga, or to state viable Fourteenth

13  Amendment claims, he has thirty days in which to file an amended complaint.  But he is not

14  obligated to amend his complaint.

15          If plaintiff elects to proceed forthwith against defendants Him, Yang and Brown,

16  against whom he has stated a potentially cognizable Eighth Amendment claim for relief, then

17  within thirty days he must return materials for service of process enclosed herewith.  In this event

18  the court will construe plaintiff's election as consent to dismissal of all claims against defendant

19  Virga, and the remaining Fourteenth Amendment claims, without prejudice.

20          Plaintiff is advised that in an amended complaint he must clearly identify each

21  defendant and the action that defendant took that violated his constitutional rights.  The court is

22  not required to review exhibits to determine what plaintiff's charging allegations are as to each

23  named defendant.  The charging allegations must be set forth in the amended complaint so

24  defendants have fair notice of the claims plaintiff is presenting.

25          Any amended complaint must show the federal court has jurisdiction, the action is

26  brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

1    must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

2    who personally participated in a substantial way in depriving plaintiff of a federal constitutional

3    right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

4    deprivation of a constitutional right if he does an act, participates in another's act or omits to

5    perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

6    contends he was the victim of a conspiracy, he must identify the participants and allege their

7    agreement to deprive him of a specific federal constitutional right.

8            In an amended complaint, the allegations must be set forth in numbered

9    paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a

10   single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate

11   transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.

12   10(b).

13           A district court must construe a pro se pleading "liberally" to determine if it states

14   a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff

15   an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

16   While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

17   cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129

18   S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555).  Plaintiff must set forth

19   "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

20   Id. (quoting Bell Atlantic Corp., 550 U.S. at 570).

21           A claim has facial plausibility when the plaintiff pleads factual
             content that allows the court to draw the reasonable inference that
22           the defendant is liable for the misconduct alleged. The plausibility
             standard is not akin to a "probability requirement," but it asks for
23           more than a sheer possibility that a defendant has acted unlawfully.
             Where a complaint pleads facts that are merely consistent with a
24           defendant's liability, it stops short of the line between possibility
             and plausibility of entitlement to relief.

25

26   Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted).  Although legal conclusions

1  can provide the framework of a complaint, they must be supported by factual allegations, and are

2  not entitled to the assumption of truth.  Id. at 1950.

3      An amended complaint must be complete in itself without reference to any prior

4  pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

5  files an amended complaint, the original pleading is superseded.

6      By signing an amended complaint, plaintiff certifies he has made reasonable

7  inquiry and has evidentiary support for his allegations, and for violation of this rule the court may

8  impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

9      Accordingly, IT IS HEREBY ORDERED that:

10      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

13  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

14  Director of the California Department of Corrections and Rehabilitation filed concurrently

15  herewith.

16      3.  Claims against defendant Virga, plaintiff's Fourteenth Amendment claims, and

17  his state law claim, are dismissed with leave to amend.  Within thirty days of service of this

18  order, plaintiff may amend his complaint to attempt to state cognizable claims.  Plaintiff is not

19  obliged to amend his complaint.

20      4.  The allegations in the pleading are sufficient to state a potentially cognizable

21  claim against defendants Him, Yang and Brown.  See 28 U.S.C. § 1915A.  With this order the

22  Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed

23  November 10, 2011, three USM-285 forms, and instructions for service of process on defendants

24  Him, Yang and Brown.  Within thirty days of service of this order plaintiff may return the

25  attached Notice of Submission of Documents with the completed summons, the completed

26  USM-285 forms, and one copy of the November 10, 2011 complaint.  The court will transmit

1   them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.

2   Defendants Him, Yang and Brown will be required to respond to plaintiff's allegations within the

3   deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's

4   election to proceed forthwith as consent to an order dismissing his defective claims without

5   prejudice.

6               5.  Failure to comply with this order will result in a recommendation that this

7   action be dismissed.

8   DATED:  May 22, 2012

9

10   _____
                  KENDALL J. NEWMAN

11                   UNITED STATES MAGISTRATE JUDGE

12   jone3000.14o

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4                     IN THE UNITED STATES DISTRICT COURT

5                  FOR THE EASTERN DISTRICT OF CALIFORNIA

6   CHARLES JONES, JR.,

7             Plaintiff,                    No.  2:11-cv-3000 KJN P

8        vs.

9   TIM VIRGA, et al.,

10            Defendants.              NOTICE OF SUBMISSION OF DOCUMENTS

11

                                   /
12

            Plaintiff hereby submits the following documents in compliance with the court's
13
    order filed _____:
14
                        _____        completed summons form
15
                        _____        completed forms USM-285
16
                        _____        copies of the _____
17                                                  Amended Complaint

18
                   _____   Plaintiff consents to the dismissal of defendant
19                         Virga, and the claims under the Fourteenth
                           Amendment, and the state law claim, without
20                         prejudice.

21        OR

22                 _____   Plaintiff opts to file an amended complaint and delay service of process.

23
    Dated:
24

25
                                   _____
                                         Plaintiff
26