UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JONES, JR.,<br><br>        Plaintiff,<br><br>   v.<br><br>TIM VIRGA, et al.,<br><br>        Defendant. | No.  2:11-cv-3000-KJN P<br><br><br><br><br>ORDER |

I. <u>Background</u>

      Plaintiff is a state prisoner, proceeding in forma pauperis and without counsel, in this civil rights action filed pursuant 42 U.S.C. § 1983.  This action proceeds on plaintiff's Eighth Amendment claims against defendant correctional officers Yang, Brown and Hom, based on plaintiff's allegations that defendants failed to protect plaintiff from injury by other inmates.  Plaintiff, who is Black, was attacked while showering by two unrestrained Northern Hispanic inmates (Ortega and Martinez), despite institutional policy precluding the simultaneous movement of Black and Northern Hispanic inmates.  Plaintiff was stabbed and slashed with inmate-manufactured weapons on December 10, 2010, in Building 7, Facility C, at California State Prison-Sacramento (CSP-SAC).  Defendant Yang was in the control booth, while defendants Brown and Hom escorted inmates Ortega and Martinez.  Presently pending is

plaintiff's motion to compel further discovery.[1]

II. Plaintiff's Motion to Compel Further Discovery

    A.  Requests for Admission

Plaintiff propounded two requests for admission on each defendant.  Plaintiff first asserts that defendants failed to verify their responses.  However, as defendants note, Rule 36, Federal Rules of Civil Procedure, does not require that a response to a request for admission be verified, only that the response be "signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).  Because defendants' counsel signed each defendant's response, this challenge is without merit.

Plaintiff next contends that each defendant improperly objected to plaintiff's Request for Admission No. 1.  However, notwithstanding their objections, each defendant admitted the allegations of Admission No. 1,[2] based either on personal knowledge (Yang), or information provided (Brown and Hom).  Therefore, this challenge also lacks merit.

Next, plaintiff contends that defendants only partially responded to his Request for Admission No. 2.  Plaintiff's Request for Admission No. 2 sought the following:

> Admit that the Lock down Memorandums dated from November 9, 2010 through July 18, 2011 stated that [] there will be no simultaneous Black and Northern Hispanic inmate movement to occur in any location within C-Facility.

Each defendant responded as follows:

> Responding party objects to this request on the grounds it is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and lacks foundation.  Without waiving any objection, responding party admits that the Memorandum dated November 29, 2010, governing the modified program in effect on Facility C on December 1, 2010, stated in relevant part that "there will be no simultaneous White, Southern

---

[1] This matter is referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636 (b)(1)(B), Local General Order No. 262, and Local Rule 302(c).

[2] Plaintiff's Request for Admission No. 1, propounded on each defendant, sought the following:

> Admit that on December 1, 2010, in Section A, Building 7 on Facility C at SAC there was simultaneous Black and Northern Hispanic Movement within C-Facility – the inmates being inmate Jones the plaintiff, and inmates Ortega and Martinez, who were the inmates who assaulted Jones.

Hispanic, or Black and Northern Hispanic inmate movement to occur in any location within C-Facility."

Plaintiff contends that this limited response fails to acknowledge all relevant official pronouncements precluding the simultaneous inmate movement that allowed for plaintiff's attack, and hence "shows that defendants were not following safety procedures which caused [plaintiff] to be assaulted." (ECF No. 28 at 28.) Defendants respond that they have conceded "that the [November 29, 2010] memorandum[3] which govern[ed] inmate movement on December 1, 2010, stated that there was to be no simultaneous movement of Black and Northern Hispanic inmates," and therefore have made the requested admission. Moreover, while defendants assert that other such memoranda are irrelevant, they have produced them nevertheless.[4]

Plaintiff appears to seek defendants' concession that the inmate movement restrictions set forth in the operative November 29, 2010 memorandum were consistent with the restrictions set forth in memoranda issued before that date, and after the December 1, 2010 incident, and therefore that defendants' challenged conduct must be considered within the context of this asserted ongoing and consistent policy. (That is, defendants allegedly had sufficient opportunity

---

[3] The operative memorandum, dated November 29, 2010, summarizes prior precipitating incidents that occurred on September 7, 2010, and October 27, 2010, and provides in pertinent part (ECF No. 28 at 64-6 (original emphasis)):

> . . . **Showers**: Controlled UNRESTRAINED showers, one cell at a time for . . . all Black and Northern Hispanic Inmates housed in Blocks 5-8 . . . All section doors will remain closed during shower program. . . .
>
> . . . **Escorts**: . . . all Black and Northern Hispanic Inmates housed in Blocks 5-8 . . . will be escorted UNRESTRAINED within the Facility. <u>However, there will be no simultaneous . . . Black and Northern Hispanic Inmate movement to occur in any location with C-Facility</u>. . . .

[4] Defendants assert that, "based on defense counsel's review of the Memorandums from October 2010 to July 2011 (which were produced to Plaintiff), not all the memorandums prohibited the simultaneous movement of Black and Northern Hispanic inmates. [Moreover,] [b]etween early January 2011 and late February 2011, certain Black and Northern Hispanic inmates, who met specified criteria, were no longer on lockdown, and the memorandums for this period only prohibited the simultaneous movement of Black and Northern Hispanics who were still on lockdown." (ECF No. 31 at 9-10.)

to be fully familiar with the operative policy at the relevant time.)  While this purpose is relevant, the court finds that defendants' production of all pertinent memoranda during the requested period accords plaintiff with all information necessary to make this argument, without requiring further admissions by defendants.  Therefore, defendants will not be required to provide a supplemental response to plaintiff's Request for Admission No. 2.

For these several reasons, plaintiff's request for verifications and further responses to his requests for admission are denied.

B.  Production Request

Plaintiff propounded one production request:

> All documents (including Crime Incident Reports) from October 2010 to July 18, 2011, involving racial disruptive incidents between Blacks and other races at SAC-California State Prison on C-Facility.

Defendants provided the following joint response:

> Without waiving any objection,[5] responding parties produce the Program Status Reports Part B for Facility C from August 1, 2010 to January 31, 2011 (bates stamped 001 to 0055) in Attachment A, and the Memorandums issued to Staff and/or Inmates on Facility C from August 1, 2010 to July 18, 2011 (bates stamped 0056 to 00119) in Attachment B.  Responding parties also identify the following documents which are already in Plaintiff's possession, and to the extent they are not, Defendants will produce a copy upon request:  (1) Crime Incident Report (CDCR 837) Log No. SAC FAC 10-12-0745; and (2) Inmate/Parolee Appeal Form Log No. SAC-11-0062.

---

[5] Defendants interposed the following objections (ECF No. 28 at 57-8):

> Responding parties object to this request on the grounds it is overbroad in time and scope, vague as to the meaning of "racial disruptive incidents," irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome and oppressive because of the amount of work and man-hours required to locate potentially responsive documents is substantially outweighed by the likelihood of locating any admissible evidence.  Responding parties further object on the grounds that this request is harassing because it seeks documents already in Plaintiff's possession, and as worded, calls for the production of documents whose disclosure violates the right of privacy of third parties, California Code of Regulations, Title 15, § 3321, and compromises the safety and security of the institution, staff, and inmates.

4

> Other than the documents produced and identified here, responding parties have no other documents in their possession, custody, or control.

Pursuant to the instant motion, plaintiff seeks further production only of additional Crime Incident Reports (CDCR Form 837 series), described as follows: "Crime Incident Reports involving the defendants Brown, Hom and Yang from October 2010 to July 18, 2011, involving racial disruptive incidents between Blacks and other races at SAC-California State Prison on C-Facility." (ECF No. 28 at 15.) Plaintiff suggests that "racial disruptive incidents" be construed to include "similar incidents to the plaintiff's." (Id. at 18.) Plaintiff asserts that the requested information, as narrowed, is relevant because plaintiff "has information that other incidents have occurred regarding the mistreatment of inmates by defendants Hom, Brown and Yang by failing to act reasonably in response to danger, and that nothing has been done about it." (Id. at 15.) Plaintiff contends that this alleged evidence of defendants' involvement in other "racial disruptive incidents" involving Black inmates "is needed to refute a claim that their actions in failing to act reasonably to danger was no accident or mistake." (Id. at 16.)

Defendants object to plaintiff's narrowed request on the grounds (as summarized by defendants) that plaintiff "does not define 'racial disruptive incidents' (which could include a verbal exchange without violence), does not explain how an incident between Blacks and non-Northerners is relevant here, or how an incident that occurred after Plaintiff's assault on December 1, 2010, has any bearing on his claim that Defendants knew of and disregarded a substantial risk of harm to him." (ECF No. 31 at 6-7; see also id. at 5-6.) Defendants assert that plaintiff's request, even as narrowed, appears to include any tangentially-related incident reports, not just those authored by defendants,[6] and thus "includes inmate grievances, medical records, disciplinary reports, and any other conceivable document that memorializes any 'disruptive incident' involving a Black inmate." (ECF No. 31 at 6.)

Defendants further assert that they have "produced all documents that are in their possession, custody, or control that show the incidents that occurred on Facility C during the

---

[6] Plaintiff initially describes crime incident reports "involving" the defendants, then such reports "by" the defendants. (Cf. ECF No. 28 at 15, with id. at 17, 20.)

5

specified period which led to the modified programs," and that plaintiff has "failed to explain why the documents produced were inadequate." (Id.) The referenced documents, also pertinent to plaintiff's Request for Admission No. 2 (see n.3, supra, and related text), are two CSP-SAC Memoranda addressed to C Facility Staff and Inmates, dated January 6, 2011, and February 22, 2011. Together these memoranda summarize the December 1, 2010 incident involving plaintiff, two similar incidents prior to the December 1, 2010 incident (occurring on September 7, 2010, and October 27, 2010 (these incidents are also summarized in the operative November 29, 2010 memorandum)), and two incidents after the December 1, 2010 incident (occurring on February 12, 2011, and February 22, 2011). (See Oppo., Exh. 1 (ECF No. 31 at 17-21).)

Defendants' objections are overruled in part. Plaintiff reasonably seeks the production of documents indicating that any defendant was present at, or implicated in, another interracial inmate assault, within a reasonable period of time before or after plaintiff's attack. This information may be relevant to the merits of plaintiff's failure to protect claim, if it shows that a defendant may have again allegedly disregarded an excessive risk of harm to another prisoner. "Deliberate indifference to the risk that an inmate will be harmed by other prisoners constitutes a violation of the Eighth Amendment," Robinson v. Prunty, 249 F.3d 862, 866 (9th Cir. 2001) (citations omitted), and may be demonstrated by a showing that defendant knew of and disregarded an excessive risk to the prisoner's health and safety, Farmer v. Brennan, 511 U.S. 825 (1994).

Therefore, defendants will be required to produce copies of any official incident reports (CDCR Form 837 series)[7] that reflect any defendant's presence or involvement, or alleged presence or involvement, in any physical attack of an inmate by an inmate of another race, at Facility C, CSP-SAC, during the period October 2010 to July 18, 2011; these reports need not have been authored by a defendant.

////

---

[7] See 15 Cal. Code Reg. §§ 3382, 3268.1; see also Department Operations Manual (DOM), Chap. 5, Art. 3 ("Incident Report"), §§ 51030.1 et seq. (identifying the types of incidents that must be reported on a CDCR Form 837).

6

C. Interrogatories

Plaintiff propounded the same four interrogatories on each defendant. Plaintiff initially seeks further answers from each defendant to his first three interrogatories, which sought the following information:

> Plaintiff's Interrogatory No. 1: State whether or not, the locks on the showers are controlled from the tower, or by the tower officer.
>
> Plaintiff's Interrogatory No. 2: If yes, was this safeguard procedure used by the tower officers in the plaintiff's case – on December 1, 2010?
>
> Plaintiff's Interrogatory No. 3: If not, why not?

Defendants objected to each interrogatory but provided limited substantive answers. Because defendant Yang's answers are based on personal knowledge, and the answers of defendants Brown and Hom are based on acquired information, the court sets forth the answers of defendant Yang (substantive information identified in bold):

> Answer to Interrogatory No. 1: Responding party objects to this interrogatory on the grounds it is overbroad in time and scope and vague in its entirety. Without waiving any objection and limiting the response to the locking mechanism to the shower doors in Building 7 on Facility C at California State Prison-Sacramento (SAC) in December 2010, **the shower doors were not operated or controlled from the panels in the control booth of the housing unit**. (The answers of defendants Brown and Hom were identical.)
>
> Answer to Interrogatory No. 2: Responding party objects to this interrogatory on the grounds it is vague as to the meaning of "safeguard procedure" and lacks foundation. Without waiving any objection, responding party does not know which "safeguard procedures" plaintiff is referring. (Sic.) The procedure for running showers and locking or unlocking the shower doors that was in place on December 1, 2010, was set out in the memorandum dated November 29, 2010. Because of the modified program affecting Facility C at SAC on December 1, 2010, **the shower program was "controlled unrestrained," which meant that the control-booth officer opened one cell at a time to release the inmate housed in that cell so the inmate could shower without requiring the presence of a floor officer on the tier. This procedure also allowed the shower door to remain open/unlocked while the inmate was in the shower. Responding party followed this procedure on December 1, 2010**. (Defendants Brown and Hom both answered that they "do[] not know if the control-booth officer followed the shower procedure because responding party was not in Building 7.")

7

Answer to Interrogatory No. 3:  Responding party objects to this interrogatory on the grounds it is overbroad, vague, and unintelligible in its entirety.  Without waiving any objection and assuming this interrogatory is intended to rely on the respond to Interrogatory 2, **responding party followed the shower procedure that was in place on December 1, 2010**.  (Defendants Brown and Hom both answered that they "do[] not know if the control-booth officer followed the shower procedure in placed on December 1, 2010, because responding party was not in Building 7.")

In response to plaintiff's motion, all defendants served an identical supplemental answer to plaintiff's Interrogatory No. 1; only defendant Yang served supplemental answers to plaintiff's Interrogatory Nos. 2 and 3.  The court again sets forth the answers of defendant Yang, with the substantive portions in bold:

Supplemental Answer to Interrogatory No. 1 (all defendants): Without waiving any objection previously made and based on Plaintiff's representation in his motion to compel that this interrogatory is simply asking Defendant **"whether or not the locks on the showers were controlled from the tower or by the tower officer" [which responding party interprets as the control booth or control-booth officer] [], responding party answers "no."**

Supplemental Answer to Interrogatory No. 2 (defendant Yang only):  Without waiving any objection previously made and based on Plaintiff's representation in his motion to compel that this interrogatory is simply asking Defendant **"whether the locks on the showers were used by the tower officer [control-booth officer], or not, on December 1, 2010" [], responding party answers "no."**

Supplemental Answer to Interrogatory No. 3 (defendant Yang only):  Without waiving any objection previously made, **prison policy and procedure prohibits a control-booth officer from leaving the control booth during his work shift.  Responding party, as the control-booth officer, could not leave the control booth to close the shower doors during the shower program on December 1, 2010.  Further, on December 1, 2010, the shower program was "controlled unrestrained," which meant that the control-booth officer opened one cell at a time to release the inmate housed in that cell so the inmate could shower without requiring the presence of a floor officer on the tier.  This procedure also allowed the shower door to remain open or unlocked while the inmate was in the shower.  Responding party followed this procedure on December 1, 2010.**

The court's review of plaintiff's objections to defendants' original answers to his first three interrogatories, together with defendants' original and supplemental answers, demonstrates that defendants have adequately responded to the substance of plaintiff's questions and concerns.

8

(See Motion to Compel (ECF No. 28 at 22-5).) Plaintiff's further challenge, that defendants are misleading in their assertion they complied with the operative policy (stating, "the procedure allowed the shower doors to remain open"), because the subject protocol also required that "all section doors will remain closed during shower program," may be clarified by reference to the subject memorandum. Accordingly, plaintiff's motion to compel further answers to his Interrogatory Nos. 1-3, is denied.

Remaining is plaintiff's challenge to defendants' answers to his fourth interrogatory, which asked the following:

> Plaintiff's Interrogatory No. 4: Had inmates Ortega and Martinez been disciplined or involved in any other race related disturbances prior to December 1, 2010 – incident?
>
> Defendants' Answer to Interrogatory No. 4 (all defendants): Responding party objects to this interrogatory on the grounds it lacks foundation, calls for speculation, and is vague as to the meaning of "race related disturbances." Without waiving any objection, responding party is not aware of any other incident involving inmates Ortega and Martinez.

Plaintiff contends that this interrogatory does not lack foundation or call for speculation because "he was attacked by these inmates" (ECF No. 28 at 26), and has reason to believe that these inmates "have been involved in similar incidents" involving inter-racial assaults (id.). Plaintiff asserts that this interrogatory is not vague because the term "race related disturbances" is reasonably inferred to "mean any similar incidents as to the present case." (Id.) Plaintiff asserts that it is defendants' answers that are speculative and evasive, because they reflect only each defendant's subjective "awareness."

Defendants respond, in opposition to plaintiff's motion, that they do not have access to either inmate's central file or disciplinary history, and, in responding to discovery, are required to make only a reasonable inquiry from sources under their own control. Defendants further assert that the requested information is irrelevant to the claims in this action because they have established by their answers a lack of awareness that inmates Ortega or Martinez posed a risk to plaintiff's safety. Defendant assert that any subsequently-learned information supporting such a risk would fail to satisfy the requirement, under a deliberate indifference analysis, that defendant

9

was contemporaneously "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, supra, 511 U.S. at 837.

For purposes of discovery, the court is not persuaded by defendants' arguments. It is alleged that plaintiff was injured due to the failure of officials to follow institutional policy. Whether the attack against plaintiff was attributable to inadvertence, or a knowing disregard of risk to plaintiff's safety, is the legal juggernaut in this action. Thus, defendants' respective states of mind are central to this question. If, prior to attacking plaintiff, inmates Martinez or Ortega had attacked, or instigated attacks, against inmates of other races, then it is plaintiff's burden of proof to demonstrate that defendants were aware of this information; for purposes of discovery defendants cannot preempt disclosure of information that may support an element of plaintiff's claim.

Accordingly, the court will require defendants' counsel to obtain from the CSP-SAC Litigation Corrodinator sufficient information to provide a supplemental answer to plaintiff's Interrogatory No. 4; specifically, counsel shall request review of the disciplinary history of inmates Martinez and Ortega for the two-year period preceding plaintiff's December 1, 2010 assault (hence, the period 12/1/2008 through 12/1/2010), to determine whether either inmate was, during this period, implicated in a physical assault against an inmate of another race, either directly or indirectly. This information, if any, shall be set forth in a list of relevant dates, each date providing a short description of the incident and pertinent allegations and/or disciplinary findings, without revealing the identity of any inmate other than Martinez or Ortega. Defendants counsel shall provide this information in a joint supplemental answer to plaintiff's Interrogatory No. 4.

III. Plaintiff's Motion for Monetary Sanctions

Plaintiff seeks, pursuant to Rule 37(a)(5), Federal Rules of Civil Procedure, an order requiring defendants to reimburse plaintiff his expenses ($19.05) in copying the instant motion and supporting documents for filing and service. Rule 37 authorizes an award of reasonable expenses to any party required to file a discovery motion due to the unjustified nondisclosure of

the opposing party, after the moving party has sought resolution of the discovery dispute without court intervention. The court finds that neither of these conditions are met by the present circumstances. Over all, defendants' counsel has provided reasonably justified responses to plaintiff's initial discovery requests, and plaintiff has not demonstrated that he sought informal resolution of his concerns before filing the instant motion. Accordingly, plaintiff's request for reimbursement of expenses is denied.

IV. Referral to Mediation and Deferral of Dispositive Motion Deadline

Because defendants have conceded significant facts in this action, including their failure to adhere to department policy,[8] resulting in the attack against plaintiff, and his injuries, the undersigned has determined that this action should be scheduled forthwith for a settlement conference. The Director of the court's Pro Bono Panel will be requested to schedule such conference before the court resets the dispositive motion deadline in this action.[9]

V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery (ECF No. 28), is granted in part and denied in

---

[8] These concessions include statements in defendants' Answer to the Complaint (see ECF No. 18, ¶ 4), and the following statements in defendants' opposition to the instant motion (ECF No. 31 at 1) (emphasis added):

> Plaintiff filed this civil-rights action alleging that Defendants failed to protect him from two Northern Hispanic inmates that attacked him on December 1, 2010, when he was incarcerated in Building 7, section A, on Facility C at California State Prison-Sacramento (SAC). **At the time of the incident, yard protocols prohibited the simultaneous movement of Black and Northern Hispanic inmates. Due to an oversight, Defendant Yang, who was the control-booth officer, opened the door to the section while Plaintiff was in the shower. Defendants Brown and Hom escorted Martinez and Ortega, who assaulted Plaintiff, and other inmates to the front of Building 7, but did not enter the unit.**

[9] Discovery closed in this action on May 31, 2013 (ECF No. 24), with the exception of the disclosures required by this order. The dispositive motion deadline was vacated pending issuance of the present order. (ECF No. 33.) The court will reset a dispositive motion deadline if still required after the settlement conference.

part, as follows:

    a. Plaintiff's request for verifications and further responses to his requests for admission are denied.

    b. Plaintiff's request for further production of documents responsive to his Request for Production, is granted in part; defendants shall, within thirty (30) days after the filing date of this action, serve plaintiff with a supplemental production that includes copies of any official incident reports (CDCR Form 837 series) that reflect any defendant's involvement, or alleged involvement, in any interracial inmate physical attack involving a Black inmate and an inmate of another race, at Facility C, CSP-SAC, during the period October 2010 to July 18, 2011; the reports need not have been authored by a defendant.

    c. Plaintiff's request for further answers to his Interrogatory Nos. 1-3, is denied.

    d. Plaintiff's request for further answers to his Interrogatory No. 4, is granted; defendants shall, within thirty (30) days after the filing date of this action, serve plaintiff with a joint supplemental response that contains any new information from CSP-SAC as described herein.

    2. Plaintiff's request for reimbursement of expenses associated with filing and serving the instant motion is denied.

    3. The Clerk of Court is directed to inform Ms. Sujean Park, Director, Alternative Dispute Resolution and Pro Bono Program, to set this matter forthwith for a settlement conference.

    4. Should the parties fail to reach a settlement agreement, the court will then reset the deadline for filing dispositive motions.

    5. The Clerk of Court shall note that defendants' motion filed July 3, 2013 (ECF No. 32), was resolved by the court's order filed July 10, 2013 (ECF No. 33).

SO ORDERED.

Dated: October 23, 2013

/jone3000.disc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE